NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHERIDA ARACELY CARRILLO AGUILAR, AKA Luz Mariana Jimenez-Giron,

Petitioner,

v.

ROBERT M. WILKINSON, Acting Attorney General,

Respondent.

No. 19-71635

Agency No. A201-147-597

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 31, 2020**
Seattle, Washington

Before: BYBEE and COLLINS, Circuit Judges, and BASTIAN,*** District Judge.

Sherida Aracely Carrillo Aguilar, a citizen and native of Guatemala,

petitions for review of the decision of the Board of Immigration Appeals ("BIA")

affirming the order of the Immigration Judge ("IJ") denying her request for

withholding of removal and ordering her removed to Guatemala. We have

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument. See FED. R. APP. P. 34(a)(2)(C).

*** The Honorable Stanley Allen Bastian, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252, and we deny the petition.

To establish her eligibility for withholding of removal, Carrillo Aguilar had to show that, if removed to Guatemala, she would likely suffer persecution "because of [her] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *see also id*. § 1231(b)(3)(C). Before the agency, Carrillo Aguilar asserted that she had established that she would be persecuted on account of two such protected grounds, namely, "membership in a particular social group" and "political opinion." The IJ rejected both such asserted grounds, and the BIA's decision upheld those conclusions. In reviewing that decision, we review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). A finding is supported by substantial evidence unless "'any reasonable adjudicator would be compelled to conclude to the contrary' based on the evidence in the record." *Id.* (simplified) (quoting 8 U.S.C. § 1252(b)(4)(B)).

1. Substantial evidence supports the BIA's conclusion that Carrillo Aguilar's proposed social group of "young single Guatemalan women without significant family protection" was not sufficiently "socially distinct within the society in question" and therefore not cognizable. *See Conde Quevedo v. Barr*,

2

947 F.3d 1238, 1242 (9th Cir. 2020) (citation omitted).  As she did before the BIA, Carrillo Aguilar relies heavily on her testimony concerning her own experiences, which makes clear that Carrillo Aguilar believed that her status as a young single woman with no significant family protection left her vulnerable to abuse from her persecutor (Marcos) and from others in the community.  Carrillo Aguilar also notes that Marcos had harassed other single women in the area.  But this evidence does not compel the conclusion that *Guatemalan society* recognizes young single women without significant family protection as a socially distinct group.  *See id*. (social distinction "is determined by 'the perception of the society in question'" (citations omitted)).  Carrillo Aguilar also points to an expert declaration and other documentary evidence submitted before the IJ.[1]  These materials indicate that Guatemalan women face disturbingly high rates of murder and sexual abuse, but that evidence did not require the agency to conclude that Guatemalan society views as socially distinct the *subset* of women who are "young single Guatemalan women without significant family protection."

2.  Substantial evidence also supports the BIA's conclusion that Carrillo Aguilar had not shown that "she was or will be targeted by Marcos based on her

---

[1] Carrillo Aguilar wrongly contends that the BIA erred by failing to specifically mention this evidence in its decision.  As the BIA correctly noted, the only evidence Carrillo Aguilar cited in her brief to the BIA on this issue was her own testimony.

political views" about gender roles. The BIA here held that "Marcos's behavior, while threatening and abhorrent, appears to have [been] governed *solely* by his personal desire to be in a relationship with the applicant, not because of her actual or imputed political views" (emphasis added). The agency could reasonably reach that conclusion on this record. As the IJ noted, Marcos did not know anything about Carrillo Aguilar's political views "when he decided to target her," and the fact that she later mentioned such views to him did not require the agency to conclude that, thereafter, he targeted her in part *because* of such views. Rather, the agency permissibly concluded that his sole motivation remained his "personal desire to be in a relationship with the applicant."

Finally, Carrillo Aguilar argues that, in its discussion of this issue, the BIA erroneously referenced the wrong legal standard. A withholding of removal claim requires a showing only that the applicant's political views were "a reason" for the persecution, which is a more lenient standard than the "one central reason" standard applied in asylum cases. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–60 (9th Cir. 2017). The Government concedes that, by referencing the "one central reason" standard, the BIA erred. Nonetheless, because substantial evidence supports the BIA's conclusion that Marcos's *sole* motivation was his personal desire, "neither the result nor the BIA's basic reasoning would change" under the correct standard, and a remand is not required. *See Singh v. Barr*, 935 F.3d 822,

4

827 (9th Cir. 2019) (no remand required, despite *Barajas-Romero* error, where agency found that there was "*no* nexus" at all).

3. For these reasons, the agency properly concluded that Carrillo Aguilar had failed to show a likelihood of future persecution, and her withholding claim therefore fails. *See Robleto-Pastora v. Holder*, 591 F.3d 1051, 1057–58 (9th Cir. 2010).

The petition for review is **DENIED**.